PATRICIA LYON MYERS v. WOODROW H. MYERS

No. 825DC181

(Filed 19 April 1983)

**Appeal and Error § 6.6— prior action pending—denial of dismissal—premature appeal**

Defendant had no right of immediate appeal of an interlocutory order denying defendant's motion to dismiss plaintiff's divorce action on the ground of the pendency of a prior action filed by defendant against plaintiff in another county.

APPEAL by defendant from *Lambeth, Judge.* Order entered 19 November 1981 in District Court, PENDER County. Heard in the Court of Appeals 10 January 1983.

*Nichols, Caffrey, Hill, Evans and Murrelle, by Charles E. Nichols, William W. Jordan and Reid C. Adams, Jr., for plaintiff appellee.*

*Ellis, Hooper, Warlick, Waters and Morgan, by Lana S. Warlick, for defendant appellant.*

In re Riley

VAUGHN, Chief Judge.

Plaintiff filed this action for absolute divorce on 8 October 1981. Plaintiff also sought distribution of marital property under G.S. 50-20.

Defendant answered and, among other things, sought to have the action dismissed because of the pendency of a prior action filed by him on 15 July 1981 in the District Court of Onslow County. The prior action is said to involve substantially the same parties, subject matter, issues and relief sought so that a judgment in the first action would support a plea of *res judicata* in the present action.

The judge denied defendant's "plea in abatement" and motion to dismiss. He also set out certain conclusions of law going to the merits of the defense alleged.

The appeal is from an interlocutory order and must, therefore, be dismissed. The merits of the conclusions of law set out in the order are, of course, not before us.

Appeal dismissed.

Judges WELLS and BRASWELL concur.