ROY E. SMITH D/B/A ARSCO SELF STORAGE v. NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY

No. 9317SC43

(Filed 16 August 1994)

**Insurance § 896 (NCI4th)— injuries not arising from accident—insurer not under duty to defend**

Defendant insurer, which provided plaintiff with general liability and property insurance coverage, was not under a duty to defend plaintiff in an action by neighbors of his self-storage business alleging breach of restrictive covenants, since the injuries alleged by the neighbors were substantially certain to result from the insured's actions, were therefore not accidental, and did not impose a duty to defend.

**Am Jur 2d, Insurance §§ 703 et seq.**

**Construction and application of provision of liability insurance policy expressly excluding injuries intended or expected by insured. 31 ALR4th 957.**

Appeal by plaintiff from order entered 10 November 1992 by Judge James C. Davis in Surry County Superior Court. Heard in the Court of Appeals 18 November 1993.

Under an insurance policy issued 22 November 1989, defendant Nationwide Mutual Fire Insurance Company provided plaintiff Smith (the insured) with general liability and property insurance coverage. During the term of the insurance contract, some neighbors of his self storage business sued the insured, alleging that his business violated restrictive covenants applicable to the property. The insured prevailed in that suit (the *Hall* action) and brought this action seeking reimbursement for the costs he incurred while defending it. Pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (1990), defendant moved to dismiss the case for failure to state a claim upon which relief can be granted. Following a hearing, the trial court entered an

order granting defendant's motion to dismiss. From this order, the insured appeals.

*Bennett & Blancato, by William A. Blancato, for plaintiff-appellant.*

*Wilson & Iseman, by G. Gray Wilson and Elizabeth Horton, for defendant-appellee.*

McCRODDEN, Judge.

The insured raises only one argument in this appeal, contending that the trial court erred in determining that defendant had no duty to defend the *Hall* action. We disagree and affirm the order of the trial court.

An insurer's duty to defend its insured is broader than its duty to pay damages incurred by events covered by the policy. *Waste Management of Carolinas, Inc. v. Peerless Ins. Co.*, 315 N.C. 688, 691, 340 S.E.2d 374, 377, *reh'g denied*, 316 N.C. 386, 346 S.E.2d 134 (1986). When the facts alleged in the complaint against an insured indicate that the policy covers the alleged injury, then the insurer owes the insured a duty to defend the action, regardless of whether the insured is ultimately held liable. *Id.* In determining whether the insurer owes a duty to defend the lawsuit, we use the so-called comparison test; "the pleadings are read side-by-side with the policy to determine whether the events as alleged are covered or excluded," *id.* at 693, 340 S.E.2d at 378, and when the policy provision at issue is one which extends coverage, we must interpret it liberally "so as to provide coverage, whenever possible by reasonable construction." *State Capital Ins. Co. v. Nationwide Mutual Ins. Co.*, 318 N.C. 534, 538, 350 S.E.2d 66, 68 (1986).

In this case, the policy provided coverage for liability due to bodily injury and property damages caused by an "occurrence," which was defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." An accident is "an unforeseen event, occurring without the will or design of the person whose mere act causes it; an unexpected, unusual, or undesigned occurrence; the effect of an unknown cause, or, the cause being known, an unprecedented consequence of it; a casualty." *Tayloe v. Indemnity Co.*, 257 N.C. 626, 627, 127 S.E.2d 238, 239-40 (1962) (quoting Black's Law Dictionary, 3d Ed.).

SMITH v. NATIONWIDE MUT. FIRE INS. CO.

[116 N.C. App. 134 (1994)]

The complaint in the *Hall* action alleged, in pertinent part, that the insured had sold lots in a residential subdivision to the plaintiffs or their predecessors in interest, that each of the lots had been sold subject to a covenant restricting its use to residential purposes, that the insured constructed a mini-warehouse facility on several of the lots he had retained within the subdivision, that he breached a legal duty to make no use of the retained lots which would be incompatible with the restrictive covenants imposed upon the lots he sold to the plaintiffs, that he breached reciprocal negative covenants in favor of the plaintiffs, and that his actions greatly reduced the value of the plaintiffs' property. The complaint also alleged that the insured had spitefully placed a mobile home on one of his lots and had thereby impaired the value of the *Hall* plaintiffs' property.

Applying the law to these facts, we do not believe under any stretch of the imagination that the insured's behavior in the *Hall* action was an occurrence warranting coverage under the insurance policy. Assuming, without deciding, that there were property damages as alleged by the *Hall* plaintiffs, such damages simply were not due to an accident, and defendant, therefore, had no duty to defend against them. The case of *Prudential Property and Casualty Ins. Co. v. Lawrence*, 724 P.2d 418 (Wash. App. 1986), urged by plaintiff, is distinguishable because it did not address the issue, raised by the policy in this case, of whether property damage (obstruction of view caused by the construction of a home) was accidental.

Even if we were to do as the insured suggests and apply the reasoning our Supreme Court expressed in its most recent case on the subject, *N.C. Farm Bureau Mut. Ins. Co. v. Stox*, 330 N.C. 697, 412 S.E.2d 318 (1992), we would reach the same conclusion. The injuries alleged by the *Hall* plaintiffs, whatever their extent, were substantially certain to result from the insured's actions. The injuries were, therefore, not accidental and defendant owed the insured no duty to defend the *Hall* action. The insured's complaint failed to state a claim upon which relief could be granted, and we affirm the order of the trial court.

Affirmed.

Judges LEWIS and WYNN concur.