LINDA NADDEO, ADMINISTRATRIX FOR THE ESTATE OF PATRICIA ANN TEEL, PLAINTIFF-APPELLANT v. ALLSTATE INSURANCE COMPANY, DEFENDANT-APPELLEE

ALLSTATE INSURANCE COMPANY, PLAINTIFF-APPELLEE v. LISTON S. DARBY, ADMINISTRATOR OF THE ESTATE OF DWAINE LYDELL DARBY; LINDA M NADDEO, ADMINISTRATOR FOR THE ESTATE OF PATRICIA ANN TEEL; AND KATHY DIXON, ADMINISTRATOR OF THE ESTATE OF JACQUELINE MELISSA MULLIS, DEFENDANT-APPELLANTS

No. COA99-629

(Filed 1 August 2000)

**1. Appeal and Error— appealability—denial of summary judgment—interlocutory order—no substantial right**

Plaintiff-administratrix's appeal from the trial court's denial of her motion for summary judgment in case 98-CvS-931 where she sought a declaratory judgment requiring an automobile liability insurance company to pay plaintiff for damages granted, costs, interest, compensatory and punitive damages, and attorney fees pursuant to the default judgment entered against the insured's estate in 94-CvS-1333 arising out of a single-car automobile accident is dismissed since it has not been certified by the trial court and plaintiff has not shown she will be deprived of a substantial right.

**2. Appeal and Error— appealability—interlocutory order—substantial right**

Defendant's appeal from the trial court's denial of her motion for summary judgment in case 98-CvS-1400 where an automobile liability insurance company sought a declaratory judgment in its effort to deny coverage of the claims and set forth defenses involving a single-car accident after entry of a default judgment against the insured's estate affects a substantial right and can be immediately appealed because of the possibility of inconsistent verdicts.

NADDEO v. ALLSTATE INS. CO.

[139 N.C. App. 311 (2000)]

**3. Appeal and Error— appealability—interlocutory order—no substantial right**

An insurance company's cross-assignment of error regarding denial of its motion to dismiss and/or abate in case 98-CvS-931 involving a single-car accident where plaintiff-administratrix sought a declaratory judgment requiring the insurance company to pay plaintiff for damages granted, costs, interest, compensatory and punitive damages, and attorney fees pursuant to a default judgment previously entered against the insured's estate is an interlocutory order which does not affect a substantial right and is thus not immediately appealable.

**4. Collateral Estoppel and Res Judicata— issues precluded— policy defenses—unjustifiable refusal to defend**

Collateral estoppel precludes an insurance company from asserting its policy defenses based on its refusal to defend in case 94-CvS-1333 involving a one-car accident where a default judgment was entered against the insured's estate because when the insurance company unjustifiably refused to provide a defense to its insured after receiving notice that the claim possibly would be covered by the policy, the insurance company obligated itself to pay the amount and costs of a reasonable settlement.

**5. Judgments— default—failure to challenge finding—law of case**

The trial court erred by denying defendant-administratrix's motion for summary judgment in an action where an insurance company sought a declaratory judgment in its effort to deny coverage of claims and to set forth defenses involving a single-car accident after entry of default judgment against the insured's estate, based on the issue of whether the car accident occurred within the policy term, because: (1) the default judgment in case 94-CvS-1333 found as fact that the accident occurred during the policy term; (2) a motion to set aside the default judgment was denied; and (3) the appeal to the Court of Appeals did not challenge the finding in the judgment regarding the time and date of the accident, making it the law of the case.

**6. Collateral Estoppel and Res Judicata— issues precluded— insured driver—covered automobile—unjustifiable refusal to defend**

The trial court erred by denying defendant-administratrix's motion for summary judgment in an action where an insurance

company sought a declaratory judgment in its effort to deny coverage of claims and to set forth defenses involving a single-car accident after entry of default judgment against the insured's estate, based on the issue of whether the driver of the automobile was an "insured" and the auto was "covered" under the insurance policy, because these defenses could have been raised in the adjudication of case 94-CvS-1333 where the default judgment was entered against the insured's estate, and therefore, the defenses have been waived by the insurance company's decision not to defend that case.

**7. Collateral Estoppel and Res Judicata— issues precluded— financial responsibility—unjustifiable refusal to defend**

The trial court erred by denying defendant-administratrix's motion for summary judgment in an action where an insurance company sought a declaratory judgment in its effort to deny coverage of claims and to set forth defenses involving a single-car accident after entry of default judgment against the insured's estate, based on the issue of the insurance company's attempt to limit its liability to the amounts of financial responsibility set forth in the Financial Responsibility Act under N.C.G.S. § 20-279.1(11), because the insurance company has obligated itself to pay the amount and costs of a reasonable settlement based on its unjustifiable refusal to provide a defense in the prior action.

**8. Insurance— automobile—notice to insurer**

The trial court erred by denying defendant-administratrix's motion for summary judgment in an action where an insurance company sought a declaratory judgment in its effort to deny coverage of claims and to set forth defenses involving a single-car accident after entry of default judgment against the insured's estate, based on the issue of the insurance company's failure to receive notice of the amended complaint directly from its insured, because the insurance company was not prejudiced based on the facts that: (1) the other party's attorney advised the insurance company by letter concerning when the accident occurred; and (2) the insurance company had actual notice and was aware of sufficient information tending to indicate that the insurance policy covered the suit.

Appeal by plaintiff Linda Naddeo from judgment entered in 98-CvS-931 on 1 February 1999 and by defendant Linda Naddeo from

judgment entered in 98-CvS-1400 on 16 February 1999 by Judge Russell Walker in Union County Superior Court. Heard in the Court of Appeals 28 March 2000.

*Weaver, Bennett & Bland, P.A., by Michael David Bland, Howard M. Labiner, and Christopher M. Vann, for plaintiff/defendant-appellant Naddeo.*

*Morris York Williams Surles & Barringer, L.L.P., by John P. Barringer and Christa C. Pratt, for defendant/plaintiff-appellee Allstate.*

EDMUNDS, Judge.

This dispute arises out of a single-car accident. During the evening of 30 April 1993, Dwaine Lydell Darby, Patricia Ann Teel, and Jacqueline Melissa Mullis were passengers in a vehicle driven by Otis Blount, who had consumed two pints of alcohol. After leaving a night club and heading toward a friend's house, at some time around midnight between 30 April and 1 May, the automobile left the roadway and struck a tree, killing all four occupants. Police received a report of the accident at 12:15 a.m. on 1 May 1993.

On 7 October 1994, Linda M. Naddeo (Naddeo), administratrix of the estate of passenger Teel, filed a complaint against, *inter alia*, Liston S. Darby (Darby), the administrator of the estate of Dwaine Darby, who owned the automobile. That suit, brought in Union County, was assigned civil number 94-CvS-1333.

Naddeo's original complaint had alleged that the accident occurred at 12:15 a.m. on 1 May 1993. However, on 9 March 1995, Naddeo filed a motion to amend her complaint. This motion was granted, and Naddeo filed an amended complaint alleging that the time of the accident was "approximately 11:00 p.m." on 30 April 1993.

Having received no response from Darby, Naddeo filed a motion for entry of default, and later for default judgment, which was entered on 21 August 1996. Upon entering default judgment, the trial court found that the allegations in the amended complaint were deemed admitted as a matter of law. Darby and his insurance carrier Allstate Insurance Company (Allstate) moved to set aside the entry of default and default judgment on 11 November 1996. Although Allstate was not a named party to the suit, its actions as Darby's insurer were critical to the case. Allstate denied coverage, contending that the

automobile policy issued to Darby (which plaintiff contended also covered Dwaine Darby) had been canceled at 12:01 a.m. on 1 May 1993.

Darby's motion to set aside the default judgment was denied by order entered 28 February 1997. Darby appealed to this Court, which affirmed the ruling of the trial court, holding that (1) Allstate was aware of information that indicated that Darby's policy covered the accident, (2) Allstate's decision not to answer the complaint or defend the action constituted inexcusable neglect, and (3) Darby's own failure to follow up on the complaint after he turned it over to his attorney also constituted inexcusable neglect. *See Estate of Teel v. Darby*, 129 N.C. App. 604, 500 S.E.2d 759 (1998). No further appeal was taken.

Subsequently, on 10 June 1998, Allstate brought suit against the estates of all the individuals killed in the accident. The complaint originally was filed in Mecklenburg County and assigned the civil number 98-CvS-8292, but later was transferred to Union County and assigned the number 98-CvS-1400. In this action, Allstate denied coverage of the claims and sought a declaratory judgment. On 21 December 1998, Naddeo filed a "Motion to Dismiss, Answer, Special Defenses and Counterclaims," wherein she asserted "[p]laintiff's claims fail to state a claim upon which relief can be granted under North Carolina Rules of Court 12(b)(2), 12(b)(3) and 12(b)(6)." Additionally, she denied all material allegations made by Allstate and asserted the defenses of issue preclusion, claim preclusion, and abatement. Finally, she counterclaimed seeking a "declaratory judgment and adjudication concerning the rights and liabilities of Allstate to pay damages as entered in 94 CVS 01333," and asserting a claim of unfair and deceptive trade practices. Allstate answered Naddeo's counterclaim and made a motion to dismiss for failure to state a claim. Thereafter, Naddeo made a motion for summary judgment. On the day of the summary judgment hearing, Allstate submitted an affidavit by a witness who purportedly observed Darby's vehicle being driven shortly before the accident at a time after midnight. After considering the affidavit over Naddeo's objection, the trial court denied Naddeo's motion in an amended order entered 16 February 1999.

Meanwhile, because she had not received service and therefore was not immediately aware that Allstate had brought the action numbered 98-CvS-1400, Naddeo filed suit against Allstate on 24 June 1998 in an action assigned number 98-CvS-931, seeking a declaratory judgment ordering Allstate to pay pursuant to the judgment entered in 94-

CvS-1333, as well as compensatory damages, punitive damages, costs, interest, and attorneys fees. Allstate answered and made a motion to dismiss pursuant to Rules 12(b)(6), 12(b)(1), and 12(b)(3). On 7 December 1998, Naddeo made a motion for summary judgment, and on 14 December 1998, Allstate made a motion to dismiss and/or abate, referencing its pending action in 98-CvS-1400. The trial court denied both parties' motions on 1 February 1999. Naddeo filed notices of appeal in both 98-CvS-1400 and 98-CvS-931 on 25 February 1999.

## I.

We note at the outset that the record on appeal fails to comply with N.C. R. App. P. 10(c)(1), which requires that assignments (and cross-assignments) of error include "clear and specific record or transcript references." Appellate judges find such references invaluable in directing the court's attention to the pertinent portions of the record demonstrating alleged error. Although failure to comply with the appellate rules subjects an appeal to dismissal, *see Steingress v. Steingress*, 350 N.C. 64, 511 S.E.2d 298 (1999), for reasons of judicial economy, we elect to consider the appeal pursuant to N.C. R. App. P. 2.

## II.

Due to the interlocutory nature of the orders appealed, we must determine whether to consider the issues asserted on appeal. The orders from which Naddeo appeals are denials of motions for summary judgment in both 98-CvS-1400 and 98-CvS-931. "As a general rule, a moving party may not appeal the denial of a motion for summary judgment because ordinarily such an order does not affect a 'substantial right.' " *Bockweg v. Anderson*, 333 N.C. 486, 490, 428 S.E.2d 157, 160 (1993) (citation omitted). In fact, "[w]ithholding appeal of denial of summary relief at the early stages of litigation in the trial court is generally favored." *Country Club of Johnston County, Inc. v. U.S. Fidelity and Guar. Co.*, 135 N.C. App. 159, 161, 519 S.E.2d 540, 542 (1999) (citation omitted), *disc. review denied*, 351 N.C. 352, —— S.E.2d —— (2000). However, interlocutory orders may be appealed in two instances:

> *first*, where there has been a final determination of at least one claim, and the trial court certifies there is no just reason to delay the appeal; and *second*, if delaying the appeal would prejudice a "substantial right."

*Liggett Group v. Sunas*, 113 N.C. App. 19, 23-24, 437 S.E.2d 674, 677 (1993) (internal citations omitted).

[1] In 98-CvS-931, the denial of Naddeo's motion for summary judgment is interlocutory, no claim has been determined, and the trial court has made no certification. *See* N.C. Gen. Stat. § 1A-1, Rule 54(b) (1999). Additionally, in that case, Naddeo is seeking "[a] declaratory judgment ordering Allstate to pay Plaintiff for the damages granted, costs and interest in 94-CVS-01333" as well as compensatory and punitive damages, costs, interest, and attorney's fees. Because no substantial right will be prejudiced by delaying the appeal until a final adjudication of the merits, Naddeo's appeal in this case is dismissed.

[2] In 98-CvS-1400, Allstate seeks a declaratory judgment, raising policy defenses to liability. Naddeo answered, raised defenses, and counterclaimed, seeking declaratory judgment requiring Allstate to pay pursuant to the earlier suit (94-CvS-1333) and asserting a claim of unfair and deceptive trade practices. Although Naddeo moved unsuccessfully for summary judgment on all issues, her arguments on appeal relate solely to Allstate's claims and defenses. Accordingly, we do not address the denial of Naddeo's motion as it relates to her counterclaims. As to Allstate's claims and defenses, Naddeo asserts that they are barred by reason of issue or claim preclusion.

Our Supreme Court has stated that the possibility of having to retry an issue already litigated can be a substantial right. *See Green v. Duke Power Co.*, 305 N.C. 603, 606, 290 S.E.2d 593, 595 (1982). Accordingly, "the denial of a motion for summary judgment based on the defense of *res judicata* may affect a substantial right, making the order immediately appealable." *Bockweg*, 333 N.C. at 491, 429 S.E.2d at 161 (citations omitted); *cf. Community Bank v. Whitley*, 116 N.C. App. 731, 449 S.E.2d 226 (1994) (dismissing appeal as interlocutory because facts of case would not lead to "possibility of inconsistent verdicts"). With regard to Naddeo's motion for summary judgment as it pertains to Allstate's claims and defenses in 98-CvS-1400, because of the possibility of inconsistent verdicts, a substantial right may be affected. Accordingly, we will consider Naddeo's appeal in that case.

[3] Finally, as to Allstate's cross-assignment of error regarding denial of its motion to dismiss and/or abate in 98-CvS-931, the order appealed is interlocutory and does not affect a substantial right. *See Myers v. Myers*, 61 N.C. App. 748, 301 S.E.2d 522 (1983) (dismissing appeal of denial of "plea in abatement" as interlocutory).

III.

**[4]** Turning to the merits of Naddeo's appeal in 98-CvS-1400, Naddeo contends that "Allstate, by refusing to defend the 1994 action and/or by appearing and raising coverage defenses, has waived its defenses in the current action," and that she was entitled to summary judgment because Allstate's claims and defenses were barred by the doctrines of claim and issue preclusion. Because all three arguments necessarily involve similar basic principles, we address them together.

Under the doctrine of *res judicata* or claim preclusion, "a final judgment on the merits in a prior action will prevent a second suit based on the same cause of action between the same parties or those in privity with them." *Thomas M. McInnis & Assoc., Inc. v. Hall,* 318 N.C. 421, 428, 349 S.E.2d 552, 556 (1986). Similarly, " '[c]ollateral estoppel precludes relitigation of an issue decided previously in judicial or administrative proceedings provided the party against whom the prior decision was asserted enjoyed a full and fair opportunity to litigate that issue in an earlier proceeding.' " *Rymer v. Estate of Sorrells,* 127 N.C. App. 266, 268, 488 S.E.2d 838, 840 (1997) (quoting *In re McNallen,* 62 F.3d 619, 624 (4th Cir. 1995) (citations omitted)). "Thus, while *res judicata* precludes a subsequent action between the same parties or their privies based on the same *claim,* collateral estoppel precludes the subsequent adjudication of a previously determined *issue,* even if the subsequent action is premised upon a different claim." *Hales v. N.C. Insurance Guaranty Ass'n,* 337 N.C. 329, 333, 445 S.E.2d 590, 594 (1994) (citations omitted).

With regard to claims against an insured in which a default judgment is obtained in favor of the claimant,

> if an insurer had a right to defend the injury action against the insured, had timely notice of such action, and defends or elects not to defend, the judgment, in the absence of fraud or collusion, is binding upon the insurer as to issues which were or might have been litigated therein.

Lee R. Russ & Thomas F. Segalla, *Couch on Insurance 3d* § 106:50 (1997) (citing *Strickland v. Hughes,* 273 N.C. 481, 160 S.E.2d 313 (1968)). The issue of Allstate's notice of the action has been settled, *see Estate of Teel,* 129 N.C. App. 604, 500 S.E.2d 759; therefore, the only question that remains is whether Allstate had a duty to defend Darby.

NADDEO v. ALLSTATE INS. CO.

[139 N.C. App. 311 (2000)]

Because there is no statutory requirement that an insurance company provide its insured with a defense, *see* N.C. Gen. Stat. § 20-279.21 (1999) (stating requirements for a motor vehicle liability policy), we must look to the policy language to determine Allstate's obligation. Part A of Allstate's policy states:

> We will settle or defend, as we consider appropriate, any claim or suit asking for [bodily injury or property] damages. . . . Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted. We have no duty to defend any suit or settle any claim for **bodily injury** or **property damage** not covered under this policy.

Thus, Allstate assumed the responsibility of settling or defending any claim against its insured, unless the claim is "not covered under this policy."

Nonetheless, Allstate contends "[i]t has raised legitimate policy defenses . . . which take the payment of the underlying judgment outside of the terms of its policy." However, "pleadings that disclose a *mere possibility* that the insured is liable (and that the potential liability is covered) suffice to impose a duty to defend upon the insurer." *Waste Management of Carolinas, Inc. v. Peerless Ins. Co.*, 315 N.C. 688, 691 fn. 2, 340 S.E.2d 374, 377 (1986) (emphasis added); *see also Nationwide Mut. Fire Ins. Co. v. Grady*, 130 N.C. App. 292, 502 S.E.2d 648 (1998) ("An insurance company has a duty to defend its insured against suit, although the suit is groundless, if viewing the facts as alleged in the complaint and taking them as true, liability may be imposed upon the insured within the coverage of the insurance policy in question."); *Indiana Lumbermen's Mutual Ins. Co. v. Champion*, 80 N.C. App. 370, 343 S.E.2d 15 (1986) ("The obligation of a liability insurer to defend an action brought by an injured third party against the insured is *absolute* when the allegations of the complaint bring the claim within the coverage of the policy."). Additionally, "[a]ny doubt as to coverage is to be resolved in favor of the insured." *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 735, 504 S.E.2d 574, 578 (1998) (citation omitted).

Based on evidence that (1) the original complaint provided general notice of the time of the accident involving the automobile owned by Dwaine Darby, (2) the amended complaint alleged that the fatal accident occurred "at approximately 11:00 p.m. Eastern Standard Time on April 30, 1993," and (3) Naddeo's attorney advised Allstate that the accident occurred on 30 April 1993, this Court held:

"Allstate was aware of information which would tend to indicate that the policy . . . provided coverage for the subject one-car accident." *Estate of Teel*, 129 N.C. App. at 610, 500 S.E.2d at 764. Therefore, the claim arguably was within the coverage of the policy, thus imposing upon Allstate a duty to defend. Due to the "possibility" that the claim would be covered by the policy, Allstate's refusal to defend was unjustified. When it unjustifiably refused to provide a defense, Allstate "obligated itself to pay the amount and costs of a reasonable settlement." *Duke University v. St. Paul Fire and Marine Ins. Co.*, 96 N.C. App. 635, 637, 386 S.E.2d 762, 763 (1990) (citations omitted). Accordingly, we hold that Allstate is precluded from asserting its policy defenses by its refusal to defend in 94-CvS-1333. *See Ames v. Continental Casualty Co.*, 79 N.C. App. 530, 538, 340 S.E.2d 479, 485 (1986) ("By denying liability and refusing to defend claims covered by the insurance policy, the insurance company commits a breach of the policy contract and thereby waives the provisions defining the duties and obligations of the insured.").

[5] We next consider *seriatim* the individual claims asserted by Allstate in its complaint in 98-CvS-1400. Allstate first sought a declaratory judgment regarding the issue of whether the accident occurred within the Allstate policy term. The default judgment in 94-CvS-1333 found as fact that the accident occurred "on the evening of April 30, 1993." Darby and Allstate's motion to set aside the default judgment was denied; Darby appealed to this Court but did not challenge the finding in the judgment regarding the time and date of the accident. Accordingly, that finding was conclusive on appeal and became the law of the case. Allstate, which is in privity with Darby, is foreclosed from relitigating the issue in any subsequent proceeding. *See Weston v. Carolina Medicorp, Inc.*, 113 N.C. App. 415, 438 S.E.2d 751 (1994).

[6] Next, Allstate sought a declaratory judgment to determine whether under the policy the driver of the automobile was an "insured" and the auto was "covered." Again, these defenses could have been raised in the adjudication of 94-CvS-1333 and have been waived by Allstate's decision not to defend that case. *See Ames*, 79 N.C. App. at 538, 340 S.E.2d at 485.

[7] Allstate also sought a declaratory judgment limiting its liability to the amounts of financial responsibility set forth in the Financial Responsibility Act ($25,000 per person/$50,000 per accident), *see* N.C. Gen. Stat. § 20-279.1(11) (1999), because of Darby's failure to comply

NADDEO v. ALLSTATE INS. CO.

[139 N.C. App. 311 (2000)]

with the policy terms and conditions. However, as we determined above, because it unjustifiably refused to provide a defense, Allstate has "obligated itself to pay the amount and costs of a reasonable settlement." *Duke University*, 96 N.C. App. at 637, 386 S.E.2d at 763. The trial court set a reasonable settlement at $250,000.

[8] Finally, Allstate contended that Darby "failed to comply with the terms and conditions of the Allstate policy by failing to promptly notify [Allstate] of any notices or legal papers received in connection with the subject accident and to cooperate with the investigation, settlement, or defense of any claim or suit arising from the accident." Although the record indicates that Darby's attorney did not forward the amended complaint to Allstate, this Court noted that Naddeo's attorney advised Allstate by letter that the accident occurred on 30 April 1993 and held that Allstate had actual notice and was aware of sufficient information tending to indicate that the policy covered the suit. *See Estate of Teel*, 129 N.C. App. at 610, 500 S.E.2d at 764. Consequently, the requirement that Allstate be notified of the suit was met. *See Insurance Co. v. Construction Co.*, 303 N.C. 387, 279 S.E.2d 769 (1981); *Couch on Insurance 3d* § 106:18. Allstate was not prejudiced by failing to receive notice of the amended complaint directly from Darby.

Accordingly, the trial court erred when it denied Naddeo's motion for summary judgment on all claims raised by Allstate.

Because we hold that the trial court should have granted Naddeo's motion for summary judgment as it pertained to claims and defenses raised by Allstate, we need not address her argument that the trial court improperly considered an affidavit presented by Allstate at the hearing.

Dismissed in part, reversed in part.

Judges GREENE and McGEE concur.