**TRAVELERS PROPERTY CASUALTY CORPORATION, Plaintiff,**

v.

**Todd EBERBACH, et al., Defendants.**

**No. CIV. A. 2:00–0062.**

United States District Court,
S.D. West Virginia,
Charleston Division.

Sept. 27, 2000.

Avrum Levicoff, Brown & Levicoff, P.C., Pittsburgh, PA, for plaintiff.

Arden J. Curry, II, Pauley, Curry, Sturgeon & Vanderford, Charleston, WV, for Todd Eberbach, Patricia Eberbach, defendants.

David W. Johnson, Charleston, WV, for Jodie Elizabeth Hanna, defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Plaintiff's motion for summary judgment. The Court **GRANTS** the motion.

## I. FACTUAL BACKGROUND

On March 16, 1999 Defendant Jodie Elizabeth Hanna, a West Virginia resident, gave birth to an infant in Charleston, West Virginia. Defendants Todd Eberbach and his wife Patricia, both North Carolina residents, expressed an interest in adopting Hanna's child, as facilitated by The Children's Home Society of West Virginia (CHS) and the Independent Adoption Center (IAC). Hanna asserts Defendants told her the baby would be the subject of an "open adoption," permitting Hanna to have contact with the child following transfer of legal custody. Although Hanna signed a document stating the adoption would formally terminate all of her parental rights, including rights to visit or communicate with the child, she asserts Defendants continued to represent she had a right and ability to maintain contact with her child. She alleges other misrepresentations were made as well. She also asserts the Eberbachs placed her under duress and took advantage of her alleged weakened emotional state by threatening to withdraw from the process. Ultimately, "in tears["], compl. ¶ 28, Hanna executed documents permanently terminating her parental rights.

On June 22, 1999 Hanna instituted a civil action in the Circuit Court of Kanawha County alleging claims against CHS, IAC and the Eberbachs for (1) fraud; (2) duress; and (3) intentional and tortious interference with a custodial relationship. Hanna seeks compensatory and punitive damages, as well as revocation of her consent for the child's adoption.

Plaintiff Travelers Property Casualty Corporation instituted the present declaratory judgment action on January 21, 2000. The Eberbachs are insureds under a homeowners insurance policy issued by Travelers. Travelers seeks a declaration it is neither obligated to defend nor provide coverage for Hanna's pending state claims. Travelers asserts there is no coverage for Hanna's claims because (1) there is no "bodily injury" or "property damage" present; (2) there has not been an "occurrence" under the policy; and (3) there is a policy exclusion for "expected or intended" injuries by the insureds.[1] The second ground disposes of the case.

## II. DISCUSSION

### A. The Summary Judgment Standard

Our Court of Appeals has often stated the settled standard and shifting burdens governing the disposition of a motion for summary judgment:

Rule 56(c) requires that the district court enter judgment against a party who, "after adequate time for ... discovery fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," To prevail on a motion for summary judgment, the [movant] must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) it is entitled to judgment as a matter of law. In determining whether a genuine issue of material fact has been raised, we must construe all inferences in favor of the [the nonmovant]. If, however, "the evidence is so one-sided that one party must prevail as a matter of law," we must affirm the grant of summary judgment in that party's favor. The [nonmovant] "cannot create a genuine issue of fact through mere speculation or the building of one inference upon another," To survive [the motion], the [nonmovant] may not rest on [his]

1. The parties agree North Carolina law governs Travelers' obligations, if any, under the policy. Pl.'s Br. in Supp. at 2; Defs.' Mem. in Resp. at 2.

pleadings, but must demonstrate that specific, material facts exist that give rise to a genuine issue. As the *Anderson* Court explained, the "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff[.]"

*Harleysville Mut. Ins. Co. v. Packer,* 60 F.3d 1116, 1119–20 (4th Cir.1995) (citations omitted); *Shaw v. Stroud,* 13 F.3d 791, 798 (4th Cir.), *cert. denied,* 513 U.S. 813, 115 S.Ct. 67, 68, 130 L.Ed.2d 24 (1994); *see also Cabro Foods, Inc. v. Wells Fargo Armored Serv. Corp.,* 962 F.Supp. 75, 77 (S.D.W.Va.1997); *Spradling v. Blackburn,* 919 F.Supp. 969, 974 (S.D.W.Va.1996).

"At bottom, the district court must determine whether the party opposing the motion for summary judgment has presented genuinely disputed facts which remain to be tried. If not, the district court may resolve the legal questions between the parties as a matter of law and enter judgment accordingly." *Thompson Everett, Inc. v. National Cable Advertising, L.P.,* 57 F.3d 1317, 1323 (4th Cir.1995).

### B. The Merits

Travelers' policy provides coverage as follows:

If a claim is made or a suit is b[r]ought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:

1. Pay up to our limit of liability for the damages for which the "Insured" is legally liable. Damages include prejudgment interest awarded against the "Insured"; and

2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may Investigate and Settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the "occurrence" equals our limit of liability.

Ex. B, Pl.'s Mot. for Summ. Jgt. at 12. An "occurrence" is defined by the policy as "an *accident,* including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in" "Bodily Injury" or "Property damage." *Id.* at 1 (emphasis added).

In *North Carolina Farm Bureau Mutual Insurance Co. v. Stox,* 330 N.C. 697, 412 S.E.2d 318 (1992), the Supreme Court of North Carolina stated:

We conclude that where the term "accident" is not specifically defined in an insurance policy, that term does include injury resulting from an intentional act, if the injury is not intentional or substantially certain to be the result of the intentional act.

*Id.* at 325.

The Eberbachs assert Travelers has neither alleged nor adduced evidence suggesting they intended to injure Hanna.[2] They assert an unintended injury resulting from an intentional act is covered as an "occurrence" under a homeowners policy.[3] Although that assertion is clearly correct, it ignores the balance of *Stox.*

Under *Stox,* an "accident" has not occurred where the injury is "substantially certain to be the result of the intentional act." *Id.* at 325. It is "substantially certain" as a matter of law injury will occur where one coerces or intentionally interferes with parental rights as alleged here.[4] Furthermore, the state claims are

---

**2.** The Eberbachs offer two single-page affidavits asserting they (1) made only truthful statements to Hanna; and (2) lacked an intent to injure her.

**3.** The Eberbachs also assert negligent infliction of emotional distress "is a viable cause of action" for Hanna. The Court notes, however, Hanna has not alleged the claim.

**4.** *Cf. Henderson v. U.S. Fidelity & Guaranty Co.,* 124 N.C.App. 103, 476 S.E.2d 459 (1996), *aff'd,* 346 N.C. 741, 488 S.E.2d 234 (1997)(builder's misrepresentation of lot was substantially certain to cause harm, notwithstanding builder's assertion he did not intend injury); *Smith v. Nationwide Mut. Fire Ins. Co.,* 116 N.C.App. 134, 446 S.E.2d 877

wholly foreign to the risks insured under the policy. Consequently, there is not an "accident," and hence no "occurrence" or coverage under the policy. Accordingly, Travelers is entitled to judgment as a matter of law, and the Court **GRANTS** Travelers' motion for summary judgment.

## III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's motion for summary judgment.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and to post the same at http://www.wvsd.uscourts.gov.

(1994)(injuries alleged by neighbors from insured's operation of self-storage business in residential area were substantially certain to result and were not accidental).