BRUCE-TERMINIX COMPANY, Plaintiff v. ZURICH INSURANCE COMPANY, Defendant and HARLEYSVILLE MUTUAL INSURANCE COMPANY, Defendant

No. COA97-1389

(Filed 15 September 1998)

## 1. Insurance— property damage—date of discovery

The trial court did not err in a declaratory judgment action to determine insurance coverage arising from a settled termite damage claim by granting summary judgment for defendant-Harleysville where plaintiff contended that there could be "multiple times of discovery" of property damage under West American Insurance Co. v. Tufco Flooring East, 104 N.C. App. 312, and that each carrier is liable for damages occurring during their policy period. There can be only one date of discovery under Tufco, and, while there may have been earlier indications of termites, the property owner was assured by plaintiff that those incidents were taken care of and the property damage which triggered her suit against plaintiff was not discovered until after Harleysville's coverage period.

## 2. Insurance— property damage—date of discovery

The trial court did not err by granting summary judgment for plaintiff against defendant Zurich in a declaratory judgment

action against two insurers to determine coverage for a claim against plaintiff for termite damage. Although defendant Zurich claimed that the damage manifested itself before it insured plaintiff, the earlier manifestations of termites did not trigger "discovery" for purposes of the homeowner's suit against plaintiff.

### 3. Insurance— duty to defend—possibility of liability

The trial court did not err by granting summary judgment for plaintiff against insurer Zurich in a declaratory judgment action to determine insurance coverage of an action arising from termite damage. The possibility that Zurich could have been liable under one of the claims would have sufficed to impose a duty to defend; ambiguity of policy language regarding an exclusion for damage for which the insured is obligated by assumption of liability in a contract or agreement supports the position that Zurich had a duty to defend.

### 4. Insurance— coverage—allegations in complaint

The trial court did not err by granting summary judgment for plaintiff against defendant Zurich Insurance Company in a declaratory judgment action to determine coverage for a claim against plaintiff arising from termite damage. Zurich contends that their refusal to defend was justified because the policy states that the property damage must occur within twelve months of the date of any reported inspection; however, the duty to defend is not dismissed because the facts alleged in a complaint appear to be outside coverage where the insurer knows or could reasonably ascertain facts that would be covered if proven.

### 5. Insurance— property damage—exclusion—supplemental rather than general policy

Summary judgment was properly granted for plaintiff against defendant Zurich in a declaratory judgment action to determine insurance coverage of a claim against plaintiff arising from termite damage where an exclusion upon which defendant relied was contained in a supplemental policy rather than plaintiff's commercial general liability coverage. Zurich did not explain how the exclusion in the supplemental policy relieved it of liability; without further investigation, Zurich could not have known what caused the damage, when it occurred, or whether the exclusions applied when they denied coverage.

BRUCE-TERMINIX CO. v. ZURICH INS. CO.

[130 N.C. App. 729 (1998)]

### 6. Insurance— wrongful refusal to defend—costs—attorney fees

The trial court did not err in a declaratory judgment action to determine insurance coverage of a settled claim for termite damage by awarding costs, including attorney fees, against defendant Zurich.

Appeals by plaintiff Bruce-Terminix Company and defendant Zurich Insurance Company from judgment entered 20 August 1997 by Judge William H. Freeman in Guilford County Superior Court. Heard in the Court of Appeals 20 August 1998.

*Hill, Evans, Duncan, Jordan, & Davis, PLLC, by Lindsay R. Davis, Jr., for plaintiff Bruce-Terminix Company.*

*Wishart, Norris, Henninger & Pittman, P.A., by John C. Lattanza, for defendant Zurich Insurance Company.*

*Teague, Rotenstreich & Stanaland, L.L.P., by Stephen G. Teague, for defendant Harleysville Mutual Insurance Company.*

SMITH, Judge.

On 15 April 1996, Susan L. Gibson (Gibson), having discovered property damage caused by a termite infestation in her home, filed suit against Bruce-Terminix Company (Terminix) and Milton and Rachel Jessup (the Jessups). In that suit Gibson alleged that when she purchased the home from the Jessups, the home was covered by a Terminix termite protection plan and that she received a continuation of that plan from Terminix. She further alleged that when she received the continuation plan, Terminix did not furnish or disclose an inspection graph it had completed 13 May 1987 showing extensive termite damage. Terminix did, however, provide a HUD form, prepared 29 July 1987 for Gibson's real estate closing, stating there was no termite damage.

In February or March 1988, Gibson contacted Terminix when she found indications of a possible swarm of termites in the kitchen area of her home. Terminix responded by treating the home and promising to make any necessary repairs to the structure. Gibson attempted to contact Terminix and its carpenter several times before Terminix indicated to her that everything was "okay."

On 26 March 1993, Gibson detected several soft spots in the walls of her living room and had a contractor inspect the house for termite

damage. When the contractor tore away the existing wood in the living room, he discovered extensive termite and water damage. Gibson filed her suit against Terminix and the Jessups on 15 April 1996 for fraud and misrepresentation, unfair and deceptive trade practices, breach of contract/warranty, and negligence.

In response to Gibson's complaint, Terminix contacted both of its insurance providers for the time periods during which the alleged damage occurred. Harleysville Mutual Insurance Company (Harleysville) provided Terminix commercial general liability insurance coverage from 31 December 1986 through 1 January 1989. Zurich Insurance Company (Zurich) provided Terminix commercial general liability insurance coverage from 1 January 1989 through 1 July 1994. Both Harleysville and Zurich refused to defend Terminix against Gibson's suit. Harleysville stated that it was not the commercial general liability insurance provider for Terminix when the property damage occurred. Zurich claimed that not only was it not the commercial general liability insurance carrier when the damage occurred, but also that the insurance policy included exclusion clauses for each of Gibson's claims.

Terminix hired counsel to represent its interests in the Gibson suit. The lawsuit was eventually settled through mediation. Gibson had incurred $22,816.00 in actual property damage. Terminix contributed $16,500.00 toward a total settlement of $19,000.00 and incurred $14,393.45 in legal expenses for a total of $30,893.45.

Terminix filed a complaint and request for declaratory judgment in the instant case against Zurich and Harleysville on 19 July 1996. Terminix alleged that Zurich and Harleysville owed it a defense and indemnity. Harleysville and Zurich answered the complaint denying any liability or coverage in connection with the Gibson suit and filed counterclaims for declaratory judgment against Terminix and cross claims against each other for a declaration that the other was responsible for coverage.

Terminix moved for summary judgment against both defendants, claiming that one or both were responsible to defend and indemnify it. Harleysville also moved for summary judgment against both Terminix and Zurich. The trial court granted Terminix's motion for summary judgment against Zurich, denied its motion for summary judgment against Harleysville and granted Harleysville's motion for summary judgment against Terminix.

BRUCE-TERMINIX CO. v. ZURICH INS. CO.

[130 N.C. App. 729 (1998)]

## I. Standard of Review

At the outset, we note that the standard of review on appeal from summary judgment is whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law. *Wilmington Star News v. New Hanover Regional Medical Center*, 125 N.C. App. 174, 178, 480 S.E.2d 53, 55, *appeal dismissed*, 346 N.C. 557, 488 S.E.2d 826 (1997). Further, the evidence presented by the parties must be viewed in the light most favorable to the non-movant. *Id.* The court should grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. §1A-1, Rule 56(c) (1990).

## II. Terminix's Appeal

[1] Terminix's sole contention on appeal is that the trial court erred by granting summary judgment for Harleysville. According to Terminix, since Harleysville's coverage was in effect from 31 December 1986 to 1 January 1989, it was "triggered" by the claims asserted by Gibson for property damage caused during that time. Terminix states that there can be "multiple times of discovery" and that each carrier is liable for damages occurring during their policy period.

This court set the standard for determining the date when property damage "occurs," for insurance purposes, in *West American Insurance Co. v. Tufco Flooring East*, 104 N.C. App. 312, 409 S.E.2d 692 (1991), *disc. review improvidently allowed*, 332 N.C. 479, 420 S.E.2d 826 (1992). In *Tufco*, the Court applied the discovery rule to a property damage case and stated that "for insurance purposes, property damage 'occurs' when it is manifested or discovered." *Id.* at 317, 409 S.E.2d at 695 (quoting *Mraz v. Canadian Universal Ins. Co., Ltd.*, 804 F.2d 1325, 1328 (4th Cir. 1986)).

Terminix argues that *Tufco* does not require there to be only one date of discovery and thus both Harleysville and Zurich should be found responsible for Terminix's defense and indemnity in the Gibson suit. However, we hold that while the *Tufco* decision does not explicitly limit the discovery rule to only one date of discovery, we believe there can only be one date. To allow more than one date of discovery would destroy the clarity and purpose of the rule.

Terminix also argues that Gibson first became aware of termite damage in 1987 when the Harleysville insurance policy was in effect. However, while there may have been indications of termites in Gibson's home in 1987 and 1988, Gibson was assured by Terminix that any damage associated with those incidents was taken care of and that everything was "okay." The property damage which triggered Gibson's suit was not discovered by her until March 1993.

Viewed in the light most favorable to Terminix, the trial court determined that no issue of material fact existed with regard to the date of discovery in 1993 and that Harleysville was entitled to judgment as a matter of law. The trial court was correct in granting summary judgment for Harleysville.

### III. Zurich's Appeal

[2] Zurich first contends the trial court erred in granting summary judgment for Terminix on the grounds that the property damage alleged in the Gibson suit was discovered prior to Zurich's insurance coverage, *i.e.* during the period of Harleysville's coverage. According to Zurich, the termite damage manifested itself to Gibson on two occasions before Zurich began to insure Terminix. Zurich alleges that the first manifestation of the termite damage occurred when Gibson observed the prior owner repairing a termite damaged window sill in 1987 and the second manifestation of damage occurred when Gibson observed "a possible swarm of termites in the kitchen area" in 1988.

We do not agree with Zurich's contention that the manifestations in 1987 and 1988 triggered "discovery" for the purpose of the Gibson suit. In 1987, when Gibson saw Mr. Jessup repairing the damaged window area, he assured her that Terminix had treated the home and that he was repairing all of the damage. In addition, the HUD form prepared by Terminix for the Gibson property closing in 1987 indicated there was no termite damage. Further, in 1988, when Gibson reported a swarm of termites in the kitchen area of her home, she was assured by Terminix that the termites had been treated and everything was "okay." While there may have been indications of termites in Gibson's home prior to March 1993, termite damage did not manifest itself to her, as stated in her deposition, until March 1993, and therefore, as supported by *Tufco*, that date is the date of discovery.

[3] Zurich next contends the trial court erred in granting summary judgment to Terminix because the events alleged in the Gibson suit

are not covered by the terms of Zurich's insurance policy. The Gibson complaint alleged claims for fraud and misrepresentation, unfair and deceptive trade practices, breach of contract/warranty, and negligence. Whether Zurich had the duty to defend against these claims is determined by interpreting the language of the policy and is a question of law which may be resolved by summary judgment. *Waste Management of Carolinas, Inc. v. Peerless Ins. Co.*, 315 N.C. 688, 691, 340 S.E.2d 374, 377, *reh'g denied*, 316 N.C. 386, 346 S.E.2d 134 (1986). An insurer has a duty to defend when the pleadings state facts demonstrating that the alleged injury is covered by the policy. *Id.* If the claim is within the coverage of the policy, the insurer's refusal to defend is unjustified even if it is based upon an honest but mistaken belief that the claim is not covered. *Duke University v. St. Paul Fire and Marine Ins. Co.*, 96 N.C. App. 635, 637, 386 S.E.2d 762, 764, *disc. review denied*, 326 N.C. 595, 393 S.E.2d 876 (1990) (citations omitted). When pleadings allege multiple claims, some of which may be covered by the insurer and some of which may not, the mere possibility the insured is liable, and that the potential liability is covered, may suffice to impose a duty to defend. *Waste Management of Carolinas, Inc. v. Peerless Ins. Co.*, 315 N.C. at 691 n.2, 340 S.E.2d at 377 n.2. Any doubt as to coverage is to be resolved in favor of the insured. *Id.* at 693, 340 S.E.2d at 378. An insurer's duty to defend is much broader than the duty to indemnify, and may attach even in an action in which no damages are ultimately awarded. *Fieldcrest Cannon, Inc. v. Fireman's Fund Insurance Co.*, 124 N.C. App. 232, 242, 477 S.E.2d 59, 66 (1996) (citation omitted).

Although Zurich brings forth arguments addressing each claim for relief, the possibility that Zurich could have been liable under one of the claims would have sufficed to impose a duty to defend. If a duty to defend could be found, then the trial court's granting of summary judgment for Terminix is correct. This is in keeping with the decision in *Duke University*, which established that if a duty to defend is found and the defendant has refused to provide a defense, the defendant has "obligated itself to pay the amount and costs of a reasonable settlement if its refusal was unjustified." *Duke University v. St. Paul Fire and Marine Ins. Co.*, 96 N.C. App. at 637, 386 S.E.2d at 763 (citations omitted).

Zurich disclaims liability for claims of fraud, misrepresentation, and unfair and deceptive trade practices by relying on a provision in Terminix's policy which excludes coverage when property damage occurs which is expected or intended. Zurich contends that since the

Gibson complaint alleges intentional conduct on the part of Terminix, the damage resulting from the conduct is excluded from policy coverage. Assuming *arguendo* that Zurich could have justifiably declined to defend Terminix against these claims for relief, the claims for breach of contract/warranty and negligence remain.

With regard to the claim for breach of contract/warranty, Zurich cites a policy clause which excludes liability coverage for property damage "which the insured is obligated to pay . . . by reason of the assumption of liability in a contract or agreement." This exclusion is followed by a limitation which states that the exclusion does not apply to liability "the insured would have in the absence of the contract or agreement." Zurich does not explain how the exclusion applies to a claim for breach of contract in this case, so its application is left open for our interpretation. If the exclusion is interpreted to apply to liability resulting from Terminix's settlement agreement, the limitation noted voids the exclusion because, in the case of a breach of contract, Terminix would be liable without assumption of liability. In addition, if the exclusion is interpreted to apply to any liability resulting from contracts between Terminix and its clients, it is contrary to the primary objective of a commercial general liability policy. Provisions which exclude liability of insurance companies are not favored and any ambiguities will be construed against the insurer and in favor of the insured. *State Capital Ins. Co. v. Nationwide Mutual Ins. Co.*, 318 N.C. 534, 538, 350 S.E.2d 66, 68 (1986). The ambiguity of the policy language, in addition to appellant counsel's concession during oral argument that, ignoring the issue of the discovery date, the policy could have covered breach of contract/warranty and negligence, supports the position that Zurich had a duty to defend against a breach of contract claim.

[4] Zurich next contends that their refusal to defend Terminix against the negligence claim was justified because their policy states that the property damage must occur within twelve months of the date of any reported inspection. However, "where the insurer knows or could reasonably ascertain facts that, if proven, would be covered by its policy, the duty to defend is not dismissed because the facts alleged in a . . . complaint appear to be outside coverage, or within a policy exception to coverage." *Waste Management of Carolinas, Inc. v. Peerless Ins. Co.*, 315 N.C. at 691, 340 S.E.2d at 377. Rather than ascertain whether there had been an inspection within twelve months of Gibson's "discovery," and despite the fact that Terminix's contract with their customers states annual inspections will be conducted,

## BRUCE-TERMINIX CO. v. ZURICH INS. CO.

[130 N.C. App. 729 (1998)]

Zurich denied coverage because the Gibson complaint did not indicate that an inspection was made within the prior twelve months.

[5] Additionally, the policy clause denying coverage Zurich references is not part of Terminix's commercial general liability policy. It is contained in a supplemental Pest Control Damage Liability Coverage Form and applies to "property damage" which arises from a "pest" inspection. "Property damage" is defined within this section as any "pest" damage, which was not indicated on the inspection report, but should have been discovered by the insured through routine inspection. Zurich has not provided an explanation for how the exclusion noted in a supplemental policy relieves them of liability resulting from the commercial general liability coverage. Without further investigation, Zurich could not have known what caused the damage found, when it occurred, or whether the exclusions noted applied when they denied coverage.

The evidence in this case is sufficient to put Zurich on notice that there was a "possibility" that Terminix would be held liable for at least one of the Gibson causes of action and that the liability would be covered by Terminix's policy with Zurich. The trial court's ruling that Zurich's policy exclusions did not apply as a matter of law was supported by the fact that: (1) the "discovery date" was within the policy period; (2) the exclusion for property damage for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement does not apply to liability the insured would have in the absence of the contract or agreement; and (3) the exclusion for property damage resulting from a pest inspection would not exclude liability covered by the commercial general liability coverage. The granting of summary judgment for Terminix was correct.

[6] Zurich's final assignment of error lies with the trial court's assessment of costs against Zurich. Although the appellant's brief does not state that they are objecting to the assessment of attorney fees as well as costs, we will assume their definition of "costs" in their appeal includes attorney fees. Our Supreme Court has stated:

> It is well settled that an insurer who wrongfully refuses to defend a suit against its insured is liable to the insured for sums expended in payment or settlement of the claim, for reasonable attorneys' fees, for other expenses of defending the suit, for court costs, and for other expenses incurred because of the refusal of the insurer to defend.

*Insurance Co. v. Insurance Co.*, 277 N.C. 216, 219, 176 S.E.2d 751, 754 (1970) (citations omitted). We have held that Zurich was the insurer of Terminix at the point of "discovery" of the termite damage and that they wrongfully declined to defend Terminix. Therefore, the trial court did not err in awarding costs, including attorney fees, against Zurich.

Affirmed.

Judges WYNN and McGEE concur.