STATE v. WILLIS

[163 N.C. App. 572 (2004)]

STATE OF NORTH CAROLINA, Plaintiff v. DONALD WILLIS AND
TELENA GAY WILLIS, Defendants

No. COA03-681

(Filed 6 April 2004)

**Easements— restriction in State's deed—access to ocean-
front—walkway**

The trial court did not err by granting summary judgment in
favor of the State requiring defendants to remove an elevated
walkway on the State's property used to access the oceanfront
south of their property, because: (1) defendants point to no lan-
guage within their own deed that either expressly or impliedly
grants an easement to defendants or evidences an attempt by the
parties to create an easement; (2) a restriction in the State's deed
stating that the State "will perform no act in management which
would prevent access to the oceanfront by the residents of the vil-
lage of Salter Path in particular and the public in general" does
not translate into an easement grant in favor of defendants or any
other third party; (3) defendants presented no evidence that
shows the State has prevented access to the oceanfront by
defendants, the residents of the pertinent community, or the pub-
lic in general; (4) the State is properly attempting to avoid signif-
icant damage to the property; (5) contrary to defendants' asser-
tion, any rights they may have had in or to the property involved
in the Salter Path judgment were terminated by the 1979 judg-
ment and the subsequent transfer of the property from the
grantors to defendants; and (6) even though defendants maintain
that the walkway is reasonable, the State's complaint concerns
the legality of the walkway's construction.

Appeal by defendants from order entered 25 April 2003 by Judge
Russell J. Lanier, Jr., in Carteret County Superior Court. Heard in the
Court of Appeals 1 March 2004.

*Attorney General Roy Cooper, by Assistant Attorney General J.
Douglas Hill, for the State.*

*C.R. Wheatly, III, for defendant-appellants.*

TIMMONS-GOODSON, Judge.

Donald Willis and Telena Gay Willis ("defendants") appeal the
trial court's order granting summary judgment in favor of the State of

North Carolina ("the State"). For the reasons stated herein, we affirm the trial court's order.

The facts and procedural history are as follows: Salter Path is a community located on Bogue Banks, Carteret County, a small strip of land separating Bogue Sound and the Atlantic Ocean. In 1923, the owner of much of Salter Path, Alice Hoffman, brought suit against a large number of individuals living on her land and utilizing it as their own. In June of 1923, the Carteret County Superior Court issued an order defining the boundaries of the Salter Path community and granting rights to the defendants in the action to further utilize the property ("Salter Path Judgment"). The defendants in the Salter Path Judgment were allowed to continue to live and utilize the property subject to the judgment, and they passed their rights to subsequent heirs, successors, and assignees. Alice Hoffman's interest in the property descended to Cornelius Van Schaak Roosevelt, Theodore and Anne Roosevelt, and their heirs ("the Roosevelts").

In May 1979, Carteret County attempted to establish title in the descendants of the Salter Path Judgment in order to levy tax liability on the individuals claiming and possessing the land. In a case captioned *County of Carteret v. Janice Lewis Austin, et al*, (75 CVS 236), the Superior Court of Carteret County denied title to the descendants of the defendants in the Salter Path Judgment, granted title to the Roosevelts, and authorized Carteret County to file a tax lien on the ad valorem taxes due on the land. In subsequent transactions, the Roosevelts gave deeds deemed transferable by the court to many of the individuals occupying portions of their land.

Defendants occupied land involved in the Salter Path Judgment since 1978. On 1 June 1979, two days after the 1979 Judgment had been entered, the Roosevelts executed a Deed of Conveyance granting a portion of the land to defendants. The Roosevelts deeded the remaining portion of the land, most of which was oceanfront, to the State on 3 June 1980. It consists of approximately 22.5 acres and is commonly known as The Roosevelt Nature Preserve ("Preserve").

The Preserve adjoins the southern border of approximately 24 other parcels, including the one owned by defendants. In order to reach the oceanfront, defendants follow a path over the spiny pear pads and vines growing in the Preserve. To avoid the prickly pads, defendants laid down a wooden walkway across the path to the beach. In 1998, after the vines and pear pads had grown through the

wooden walkway, defendants constructed an elevated walkway adjacent to it.

On 30 July 2001, the State filed this action against defendants, alleging that defendants trespassed on the State's property by constructing and using the elevated walkway. The State sought a mandatory injunction ordering defendants to remove the walkway, and a permanent injunction to restrain defendants from further trespass upon its property. The State also sought to remove the cloud upon its title and to be declared the owner in fee simple of the property, free and clear of any adverse claim of defendants.

On 27 January 2003, the State filed a motion for summary judgment. In support of its motion, the State presented evidence of its ownership of the Preserve by virtue of the 1980 Deed of Gift. It also presented the affidavits of Timothy G. Walton, a Real Property Agent employed by the State, and James T. Barnes, Jr., Director of the North Carolina Aquarium at Pine Knoll Shores. These affidavits identified the property as belonging to the State, and detailed the State's management of the lands since 1980. In response to the State's motion, defendants relied upon their answer as well as two similarly worded affidavits. In these materials, defendants argued that they are entitled to use the property pursuant to the Salter Path Judgment, which they claim created an easement right on the property for the defendants in that action as well as their descendants.

On 11 April 2003, the trial court granted the State's motion for summary judgment. The trial court determined the State was the owner in fee simple of the property, free of any and all rights, claims, or interests of defendants, and the trial court ordered defendants to remove the elevated walkway and permanently enjoined defendants from further construction on the State's property. From this order, defendants appeal.

The only issue on appeal is whether the trial court erred in granting the State's motion for summary judgment. Defendants assert that, as a result of the Salter Path Judgment and the 1979 Judgment, they possess a vested easement to access the oceanfront south of their property, and a right to construct a walkway to do so. We disagree.

Summary judgment is deemed appropriate where:

the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there

is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.

N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003). On appeal, we view the relevant evidence in the light most favorable to the nonmoving party. *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998). Viewing the evidence before us in the light most favorable to defendants, we conclude that no issue of material fact exists in the case, and that the State is entitled to judgment as a matter of law.

It is important at the outset to note that both the State and defendants received their deeds of title from the same grantors—the Roosevelts. A Deed of Conveyance from the Roosevelts to defendants was duly recorded in Book 427, Page 80 of the Carteret County Public Registry on 12 June 1979, while a Deed of Gift from the Roosevelts to the State was duly recorded in Book 439, Page 335 of the Carteret County Public Registry on 4 June 1980. Defendants point to no language within their own deed that either expressly or impliedly grants an easement to defendants or evidences an attempt by the parties to create an easement. Instead, defendants rely on an expressed restriction on the State's Deed to create their right to construct a walkway over the property. Paragraph 1 of the Deed states:

> 1. The Grantee, its successors and assigns, will perform no act in management which would prevent access to the oceanfront by the residents of the village of Salter Path in particular and the public in general.

We fail to see how this restriction on the State's use of its property translates into an easement grant in favor of defendants or any other third party. Furthermore, defendants presented no evidence in their answer, affidavits, discovery responses or affidavits that shows the State has in fact prevented access to the oceanfront by defendants, the residents of Salter Path, or the public in general. Instead, defendants presented detailed evidence of the various other public access points and walkways across the Preserve that were constructed by the State and available to the public.

Assuming arguendo that an absolute access grant in favor of the public or defendants was created, we fail to see how the State has violated its duty under the grant. Paragraphs 3 and 4 of the Deed state:

> 3. The property shall be made available primarily for the purpose of scientific study and research, and secondarily for recreational

purposes, but provided that these activities shall be conducted in such a fashion as to avoid significant damage to the topography or the flora and fauna of the property.

4. Erection of structures, parking areas, pedestrian walkways, or other alterations shall be limited to those buildings or facilities which may be required to effectuate the purposes set out herein, and shall be so designed as to give primary consideration to maintenance of the property in its natural state.

By limiting the number of walkways constructed over the Preserve to those it constructs, the State is not preventing public or private access to the oceanfront or the Preserve—the State is merely attempting to "avoid significant damage to the topography or the flora and fauna of the property" by giving "primary consideration to maintenance of the property in its natural state."

Defendants argue alternatively that the Salter Path Judgment granted them an easement right over the State's property. The Salter Path Judgment stated that the "named defendants, and each of them and their decendants [sic] under them, may . . . use, occupy and enjoy all that certain strip or tract of land, now termed Salter Path." Defendants argue that as direct descendants of the defendants of the Salter Path Judgment, they are entitled to use, occupy and enjoy the property now possessed by the State. We disagree.

As defendants point out, in 1979, Carteret County brought suit against the descendants of the Salter Path Judgment. In the 1979 Judgment, Judge Robert D. Rouse, Jr., established title in as well as tax liability upon the descendants of the Salter Path Judgment. The Roosevelts, the Grantors from whom both the State and defendants took their property, were found to be proper descendants of the judgment and were named as defendants in the declaratory judgment. Before ordering a tax lien upon the defendants, Judge Robert D. Rouse, Jr., made the following conclusion of law:

5. The consent provision of the Salter Path Judgment vesting possessory and use interests in the descendants of the original defendants is void as an unreasonable restraint on alienation of property.

This judgment was filed on 30 May 1979, and was referenced in the Deed of Conveyance the Roosevelts executed to defendants two days later. There is no evidence of any appeal of the conclusions of law or orders made in this judgment. Therefore, if defendants did have any

rights in or to the property involved in the Salter Path Judgment, those rights were terminated by the 1979 Judgment and the subsequent transfer of the property from the Roosevelts to defendants.

Finally, defendants argue in their brief that the elevated walkway they constructed is consistent with the rules set forth in Title 15A, Subchapter 7H of the North Carolina Administrative Code (2003). Defendants maintain that the walkway is reasonable because it meets the requirements of the Code and is similar to those built near their property. However, the State's complaint against defendants does not concern the reasonableness of their walkway. Instead, as discussed above, the complaint concerns the legality of the walkway's construction.

The evidence presented in the parties' pleadings, answers to interrogatories, admissions on file, and affidavits shows that no genuine issue as to any material fact exists regarding defendants' right to construct and to use the elevated walkway. Plaintiffs are thus entitled to judgment as a matter of law. Therefore, we hold that the trial court did not err in granting summary judgment for the State.

Affirmed.

Chief Judge MARTIN and Judge LEVINSON concur.