THORNBURG, Judge.
M&R Investors ("respondent") appeals the trial court order granting summary judgment in favor of Michael Gallis ("petitioner"). For the reasons discussed herein, we reverse the trial court's order.
The relevant facts and procedural history are as follows: Concord Development Group LLC ("Concord") defaulted on obligations to both petitioner and respondent. Respondent foreclosed and the resulting foreclosure sale generated surplus proceeds. Petitioner filed a petition for a special proceeding to determine the ownership of the surplus funds. On 8 August 2003, petitioner fileda motion for summary judgment in Mecklenburg County Superior Court. The evidence presented upon the motion for summary judgment tends to show the following: Petitioner worked with Concord in connection with a real estate development in Mecklenburg County. Petitioner and Concord entered into an agreement dated 13 October 1998. Under this agreement, Concord was to pay petitioner a $300,000 fee (the "fee") and up to an additional $200,000 bonus (the "bonus"). A deed of trust recorded 12 February 1999 secured the fee, but not the bonus.
In January of 2000, Concord paid petitioner $100,000 in connection with petitioner's agreement to the release of a portion of the property encumbered by the deed of trust. In or about February of 2000, petitioner earned the $200,000 bonus. Subsequently, petitioner agreed to subordinate his deed of trust to respondent's deed of trust in exchange for a second $100,000 payment from Concord. A subordination agreement entered into on 9 May 2000 by petitioner in favor of respondent was recorded on 22 June 2000.
Petitioner's motion for summary judgment contained affidavits from petitioner and Concord indicating that the two $100,000 payments from Concord to petitioner were applied to the $200,000 bonus not secured by the deed of trust, leaving the entire secured $300,000 still due. In opposition to petitioner's motion for summary judgment, respondent presented the affidavit of Bill Freeman, an accountant who had worked for Concord, which indicatedthat the two payments were applied towards the $300,000 secured fee, leaving only $100,000 as secured by the deed of trust.
After a hearing on 21 August 2003, the trial court granted petitioner's motion for summary judgment and ordered that $300,000 of the surplus proceeds be distributed to petitioner. Respondent appeals. Petitioner cross-assigns as error the trial court's denial of petitioner's motion to strike in whole or in part the affidavit of Bill Freeman (the "Freeman affidavit").
The dispositive issue on appeal is whether the trial court erred in granting summary judgment in favor of petitioner. As we conclude that petitioner was not entitled to judgment as a matter of law, we hold that the trial court erred in granting summary judgment in favor of petitioner.
"[T]he standard of review on appeal from summary judgment is whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law." Bruce-Terminix Co. v. Zurich Ins. Co., 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998). Summary judgment is appropriate when, "viewed in the light most favorable to the non-movant[,]" id., "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003). The party moving for summary judgment must establish that no triable issue of material fact exists "'by proving that an essential element of the opposing party's claim isnon-existent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim or cannot surmount an affirmative defense which would bar the claim.'" DeWitt v. Eveready Battery Co., 355 N.C. 672, 681, 565 S.E.2d 140, 146 (2002) (quoting Collingwood v. G.E. Real Estate Equities, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989)).
On appeal, respondent argues that the Freeman affidavit and petitioner's own documents establish that an issue of fact exists as to whether the two $100,000 payments were made to reduce the secured fee or the unsecured bonus. Respondent contends that this issue is material in that both petitioner and respondent agree that petitioner is only entitled to an amount from the surplus proceeding equal to the amount secured by his deed of trust. Thus, respondent asserts that the trial court erred by entering judgment as a matter of law in favor of petitioner when this material question of fact is disputed. Petitioner contends that no issue of material fact was presented and thus, that the trial court correctly determined that petitioner was entitled to the $300,000 as a matter of law.
After a careful review of the record and briefs, we conclude that a genuine question of material fact exists as to whether the two $100,000 payments at issue were made in satisfaction of the fee or the bonus. The 9 May 2000 agreement (the "May Agreement") between petitioner and Concord contains the following language:
1. The total Earned Fee under the terms of the Letter Agreement is $500,000.00.
2. The $100,000.00 Release Payment reduced the balance due on the Earned Fee by $100,000.00.
3. Concord/W-J shall pay [petitioner] $100,000.00 in readily-available funds to be credited against the Earned Fee, in exchange for which [petitioner] will subordinate the Deed of Trust to the M&R Deed of Trust with regard to the 55-Acre Parcel . . . .
4. The balance of the Earned Fee after the payment of the $100,000.00 as set forth above in Paragraph 3 will be $300,000.00, and this balance will be due and payable in full by Concord/W-J in accordance with the terms of the Letter Agreement . . . .
The "Letter Agreement" refers to the initial agreement between petitioner and Concord dated 13 October 1998 and contains provisions about payment of both the fee and the bonus. As the May Agreement specifically defines the phrase "Earned Fee" to be the "total amount earned: $500,000.00" and refers to another agreement that references both the fee and the bonus, we conclude that an ambiguity exists as to whether the payments were made to reduce the bonus or the fee. The depositions submitted by petitioner and respondent differ over how these agreements should be interpreted, which shows that a question of fact exists concerning the two payments. This disagreement is material in that the way the payments are attributed affects the amount secured by petitioner's deed of trust, which is the amount that petitioner is entitled to recover from the surplus proceeding.
We next address petitioner's argument, presented both in support of his assertion that summary judgment was appropriate and as a cross-assignment of error, that the trial court erred bydenying his motion to strike in whole or in part the Freeman affidavit. Petitioner first argues that the trial court erred by not excluding the entire Freeman affidavit because it was offered to contradict the terms of an unambiguous agreement and thus, is barred by the parol evidence rule. As discussed above, however, we disagree with petitioner's contention that the language in petitioner's documents unambiguously states how the payments at issue were allocated. This argument is without merit.
Petitioner's contention that at least portions of the affidavit should have been excluded by the trial judge under Rule 56(e) of the North Carolina Rules of Civil Procedure is also without merit. Rule 56(e) provides, in pertinent part, that:
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.
N.C. Gen. Stat. . 1A-1, Rule 56(e) (2003). A review of the affidavit indicates that it does comply with the requirements of Rule 56(e). The affidavit affirmatively shows Freeman's basis for personal knowledge of and competency to testify concerning the subject matter of his affidavit and sets forth facts which would be admissible in evidence. Accordingly, we conclude that the trial court did not err in denying petitioner's motion to strike in whole or in part the Freeman affidavit.
As the record reveals that a genuine issue as to a material fact remains as to how the two $100,000 payments from Concord topetitioner were intended to be applied, we hold that summary judgment was inappropriate.
Reversed.
Judges GEER and LEVINSON concur.
Report per Rule 30(e).