***********
The undersigned have reviewed the prior Order based upon the record of the proceedings before Deputy Commissioner Taylor. The appealing party has shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives, the following Decision and Order is entered:
 ***********
The competent evidence of record engenders the following:
 FINDINGS OF FACT
1. A hearing on defendant's (hereinafter "NCDOC") Motion To Dismiss was held by Deputy Commissioner Taylor on March 31, 2004.
2. Plaintiff alleged medical negligence and negligence by NCDOC staff in placing plaintiff in full restraints in his Tort Claim Affidavit filed with the North Carolina Industrial Commission.
3. NCDOC moved to dismiss plaintiff's claim asserting that plaintiff alleged intentional acts, failed to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure, and the expiration of the statute of limitations.
4. Plaintiff alleged that the injury or accident giving rise to his claim occurred on August 19, 1999. Plaintiff signed his Tort Claim Affidavit on August 18, 2002. Plaintiff's Tort Claim Affidavit was stamped received at the North Carolina Industrial Commission on August 22, 2002.
5. Plaintiff requested a Voluntary Dismissal of his medical negligence action.
 ***********
The foregoing findings of fact engender the following:
 CONCLUSIONS OF LAW
1. Whether a cause of action is barred by the statute of limitations is a mixed question of law and fact; however, when the statute of limitations is properly pleaded, and the facts with reference to it are not in conflict, it becomes a matter of law, and summary judgment is appropriate. N.C. Gen. Stat. § 1A-1, Rule 56. The standard is whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law. Bruce-Terminix Co. v.Zurich Ins. Co., 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998). Furthermore, "the evidence presented by the parties must be viewed in the light most favorable to the non-movant." Id. Therefore, summary judgment is only proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (1999).
2. Once a defendant has properly pleaded the statute of limitations, the burden is then placed upon the plaintiff to offer a forecast of evidence showing that the action was instituted within the permissible period after the accrual of the cause of action. Waddle v. Sparks,331 N.C. 73, 85-86, 414 S.E.2d 22, 28-29 (1992).
3. "All claims against any and all State departments, institutions, and agencies shall henceforth be forever barred unless a claim be filed with the Industrial Commission within three years after the accrual of such claim . . ." N.C. Gen. Stat. § 143-299. Plaintiff's claim accrued August 19, 1999, and was not filed until August 22, 2002, beyond the three-year statute of limitations applicable to a Claim under the State Tort Claim Act. N.C. Gen. Stat. § 143-299.
 ***********
The foregoing Findings of Fact and Conclusions of Law engender the following:
 ORDER
1. Plaintiff's claim against NCDOC must be and is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
3. This the ___ day of February, 2005.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER