HUNTER, Judge.
John Smith ("John") and Donna Smith ("Donna") ("collectively defendants") appeal from a summary judgment dismissing their counterclaim for unfair and deceptive practices against Charles David Andrews ("plaintiff"). For the reasons stated within, we affirm the grant of summary judgment.
In 2002, defendants listed several parcels of a property located along Tar Heel Road in Lumberton with real estate agent Natalie Lewis ("Lewis"). Defendants decided to exclude their home and some surrounding land from the sale. Plaintiff, a real estate developer, expressed interest in defendants' property. An offer to purchase and contract was made by plaintiff and accepted by John for approximately 117 acres. The contract stipulated that the tobacco allotments associated with the land would be held by the seller until 1 October 2002, that seller could continue to farm that year's crop, and that the house, shelter, and "4 1/2 acres +/-" of the "area to the left of the house that is not farmed" were excluded from the purchase.
Plaintiff offered to make an advance purchase on a ten-acre portion of the land, and further offered an increased price to defendants to immediately obtain the tobacco allotment. At closing on the advance purchase, two issues arose. It was determined that a portion of the ten-acre tract that was to be conveyed was subject to an existing mortgage and could not be transferred. Plaintiff's surveyor, Johnny Nobles ("Nobles"), then moved the description for the ten-acre tract along Tar Heel Road closer to defendant's home. Defendants expressed concern that the new description would infringe on the five-acre area to be retained, and further asserted that Lewis had been advised the tobacco allotment had never been for sale. After some deliberations, defendants included the allotment and closed on the ten-acre tract.
Conflicting evidence was given as to a meeting which occurred between Donna and Nobles regarding the location of the excluded five acres. Donna stated that prior to the closing on the ten acres, Nobles had sketched out the excluded five acres at defendants' request, locating them to the left if facing the house, and affirmed that plaintiff would find that location acceptable. Nobles stated that the meeting occurred after the closing on the ten acres, and that he sketched out one potential placement that would be a good location of the acreage, but suggested that Donna would need to speak with her realtor or attorney about reaching an agreement as to the exact location. Nobles stated he did not confirm the placement of the acreage with plaintiff at that time. Defendants prepared a deed retaining what they believed to be the excluded acreage and provided Lewis with a copy of the deed in preparation for the second closing on 23 August 2003. Plaintiff disputed the deed, contending the excluded five acres were those to the left of the house when facing Tar Heel Road, as that area had small pine trees growing on it and was not farmed, as stated in the initial description. Alternative proposals were made as to the excluded five acres, however, both violated the sketch drawn by Nobles. Plaintiff threatened to sue defendants for breach of contract unless they accepted one of the alternate proposals. Defendants refused to accept any proposal that did not exclude the land as shown in Nobles' sketch.
Plaintiff filed suit to compel enforcement of the land contract and filed a notice of lis pendens on defendants' land on 9 September 2002. Defendants made a motion to dismiss plaintiff's action, which was denied on 12 March 2003. Defendants then filed a counterclaim and third-party complaint against Lewis. Defendants also filed a notice of lis pendens on the land sold to plaintiff in the first transaction. The trial court authorized the parties to file amended pleadings based on stipulations by both parties. Defendants voluntarily dismissed their complaint against Lewis on 22 March 2004, and filed an amended answer and counterclaim against plaintiff alleging breach of contract, fraud, and unfair practices. Plaintiff also filed an amended complaint which included claims against Lewis and additional claims against defendants.
Discovery was conducted, including a deposition with Nobles which occurred on 4 August 2004. Following Nobles' deposition, Lewis moved to dismiss all claims against her, and the motion was granted on 13 August 2004. Defendants moved for summary judgment on 10 August 2004, and plaintiff moved for summary judgment on 11 August 2004. The trial court granted summary judgment for defendants as to all plaintiff's claims on 31 August 2004. The trial court granted summary judgment for plaintiff as to all defendants' counterclaims on 8 September 2004. Defendants appeal only the trial court's grant of summary judgment to plaintiff on defendants' counterclaim for unfair and deceptive practices.
I.
In their sole assignment of error, defendants contend the trial court erred in granting summary judgment in their claim for unfair and deceptive practices. We disagree.
"The standard of review on appeal from summary judgment is whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law." Bruce-Terminix Co. v. Zurich Ins. Co., 130 N.C. App. 729, 733, 504S.E.2d 574, 577 (1998). "In determining whether summary judgment is proper, the trial court must view the evidence in the light most favorable to the non-moving party, giving the non-moving party the benefit of all reasonable inferences." Wood v. McDonald's Corp.,
166 N.C. App. 48, 57, 603 S.E.2d 539, 545 (2004).
Our courts have held that "a lawsuit which is 'objectively reasonable' cannot constitute an unfair trade practice under N.C. Gen. Stat. § 75-1.1." First Union Nat'l Bank v. Brown, 166 N.C. App. 519, 534, 603 S.E.2d 808, 819 (2004) (citing Reichhold Chems., Inc. v. Goel, 146 N.C. App. 137, 157, 555 S.E.2d 281, 293 (2001)). "A lawsuit is objectively reasonable if 'an objective litigant could conclude that the suit is reasonably calculated to elicit a favorable outcome.'" Reichhold, 146 N.C. App. at 157, 555 S.E.2d at 293. As discussed in Reichhold, a plaintiff may not be held liable for bringing an objectively reasonable suit, regardless of the plaintiff's subjective intent. Id.
Here, plaintiff's cause of action was for specific performance of a contract to purchase real property. "Specific performance is a proper remedy for enforcement of an option to purchase real estate." Rainbow Props. v. Wilkinson, 147 N.C. App. 520, 523, 556 S.E.2d 11, 14 (2001).
Reference was made in the terms of the contract to an exclusion of +/- 4 1/2 acres "to the left of the house that is not farmed" from the total agreed acreage. Differing interpretations by plaintiff and defendants as to the location of this land led to defendants' refusal to convey the property as contracted and for plaintiff to bring suit for specific performance. An objective litigant could conclude such an action to be reasonably calculated to elicit a favorable outcome, enforcement of the land sales agreement, at the time it was filed in September 2002.
Our Supreme Court has held, however, that, "a valid contract to convey land . . . must contain expressly or by necessary implication all the essential features of an agreement to sell, one of which is a description of the land, certain in itself or capable of being rendered certain by reference to an extrinsic source designated therein." Kidd v. Early, 289 N.C. 343, 353, 222 S.E.2d 392, 400 (1976). "A description is patently ambiguous when it leaves the subject of the contract, the land, in a state of absolute uncertainty and refers to nothing extrinsic by which the land might be identified with certainty." House v. Stokes, 66 N.C. App. 636, 638, 311 S.E.2d 671, 673 (1984).
In his deposition taken on 4 August 2004, Nobles was questioned regarding the sufficiency of the land description to permit a survey to be drawn as to the excluded acreage. Nobles stated that he would be unable to ascertain an exact location of the five acres based on the description included in the offer to purchase. Both parties filed for summary judgment only after Nobles' deposition was completed.
As plaintiff's suit for specific performance of a land sales agreement was objectively reasonable at the time of filing, prior to depositions which established its unenforceability, its filing does not "constitute an unfair trade practice under N.C. Gen. Stat. § 75-1.1." First Union, 166 N.C. App. at 534, 603 S.E.2d at 819. We, therefore, affirm the trial court's grant of summary judgment to plaintiff as to defendants' counterclaim for unfair and deceptive practices.
Affirmed.
Chief Judge MARTIN and Judge STEELMAN concur.
Report per Rule 30(e).