METTIE MOORE, Plaintiff,
v.
JIMMIE RHODES AND ELIJAH BROWN Defendants.
No. COA07-1394
North Carolina Court of Appeals
Filed June 3, 2008
This case not for publication
The Firm of Erma L. Johnson, by Nora Henry Hargrove, for plaintiff-appellant.
Ennis, Newton & Baynard, P.A., by Stephen C. Baynard, for defendant-appellee Elijah Brown.
No brief filed for defendant-appellee Jimmie Rhodes.
WYNN, Judge.
Summary judgment is properly granted when the evidence, viewed in the light most favorable to the non-moving party, shows no genuine issue of material fact remains between the parties.[1] Here, Plaintiff Mettie Moore argues that she presented sufficient evidence to create a genuine issue of fact as to her claims for negligence and negligent hiring/selection/retention. Because the record contains no such evidence, we affirm the trial court's grantof summary judgment.
This matter arose from an action brought by Ms. Moore against her neighbor, Elijah Brown, for alleged negligence and the negligent hiring/selection/retention of Jimmie Rhodes in the cutting down of a tree on Mr. Brown's property. During the removal process on 17 September 2004, the tree fell on Ms. Moore's home, causing significant damage. In her complaint, Ms. Moore alleged that Mr. Rhodes was not a licensed tree cutter, nor was he in the business of cutting down trees. On 4 May 2007, the trial court granted summary judgment in favor of both Defendants.
Ms. Moore appeals, arguing that a genuine issue of material fact remains as to whether Mr. Brown was negligent (I) "because he was aware that the tree removal was an inherently dangerous activity and failed to take the necessary precautions"; and (II) for hiring Mr. Rhodes when he knew or should have known that Mr. Rhodes was not competent and for failing to adequately investigate, screen, or supervise Mr. Rhodes.

I.
First, Ms. Moore argues that a genuine issue of material fact remains as to whether Mr. Brown was negligent because he was aware that tree removal was an inherently dangerous activity and he failed to take the necessary precautions. We disagree.
In an analogous case with similar facts to the one at hand, this Court explained the basis of such a claim as follows:
"Generally, one who employs an independent contractor is not liable for the independent contractor's negligence. . . ." Woodson v. Rowland, 329 N.C. 330, 350, 407 S.E.2d 222,234 (1991). However, if the work to be performed by the independent contractor is either (1) ultrahazardous or (2) inherently dangerous, and the employer either knows or should have known that the work is of that type, liability may attach despite the independent contractor status. Id. at 350-51, 356, 407 S.E.2d at 234, 238. This is because, in those two areas, the employer has a non-delegable duty for the safety of others. Canady v. McLeod, 116 N.C. App. 82, 88 446 S.E.2d 879, 883, disc. review denied, 338 N.C. 308, 451 S.E.2d 632 (1994). Our Supreme Court has justified this outcome as follows: "By holding both an employer and its independent contractor responsible for injuries that may result from [these] activities, there is a greater likelihood that the safety precautions necessary to substantially eliminate the danger will be followed." Woodson, 329 N.C. at 352-53, 407 S.E.2d at 235.
Kinsey v. Spann, 139 N.C. App. 370, 374, 533 S.E.2d 487, 491 (2000). Thus, to substantiate such a claim, a plaintiff must show that (1) the activity was inherently dangerous; (2) at the time of the injury, the employer knew or should have known that the activity was inherently dangerous; (3) the employer "failed to take the necessary precautions to control the attendant risks"; and (4) this failure proximately caused the plaintiff's injury. Id. at 375, 533 S.E.2d at 492.
In the instant case, even assuming arguendo that tree removal in this context, namely, from an area between two houses, is an inherently dangerous activity, Ms. Moore has offered no evidence that Mr. Brown knew or should have known that the removal of the tree was inherently dangerous. Although she argues that his hiring of Mr. Rhodes demonstrates that he knew it was dangerous, we find that argument unpersuasive  under that logic, fixing a leakytoilet would be classified as "inherently dangerous" if an individual chose to hire a plumber rather than doing the work himself. The record contains no deposition of Mr. Brown, so we have no evidence beyond mere speculation as to his reasons for hiring Mr. Rhodes.
Likewise, Ms. Moore forecast no evidence that Mr. Brown either failed to take the necessary precautions or that his failure to do so proximately caused the damage to Ms. Moore's house. Ms. Moore essentially argues that the tree falling on her house and the resulting damage are itself proof of negligence, but she has made no showing as to specific actions by either Mr. Brown or Mr. Rhodes demonstrating a failure to take "necessary precautions" to prevent that outcome, nor that this failure  and not some other factor  caused the tree to fall and damage her house.
Indeed, Mr. Rhodes stated in his deposition that he did not know what caused the tree to fall, that he did not consider tree removal to be an unsafe activity, that he acted according to the training he had received in tree removal, and that he did all he could to prevent it from falling on Ms. Moore's house. Although Ms. Moore's attorney argued to the trial court that Mr. Brown should have taken additional precautions such as "[t]o check the weather on that day; to make sure that the tractor was in working order; that there was sufficient help, if needed, . . . to fell this tree," that argument does not constitute evidence.
In light of Ms. Moore's failure to forecast evidence as to the elements of an inherently dangerous activity claim for negligence,see id., we reject this assignment of error.

II.
Ms. Moore next argues that a genuine issue of material fact remains as to whether Mr. Brown knew or should have known that Mr. Rhodes was not competent or fit and that he failed to adequately investigate, screen, or supervise Mr. Rhodes. We disagree. To substantiate her claim for negligent selection,
a plaintiff must prove four elements: (1) the independent contractor acted negligently; (2) he was incompetent at the time of the hiring, as manifested either by inherent unfitness or previous specific acts of negligence; (3) the employer had notice, either actual or constructive, of this incompetence; and (4) the plaintiff's injury was the proximate result of this incompetence.
Id. at 377, 533 S.E.2d at 493 (citing Medlin v. Bass, 327 N.C. 587, 591, 398 S.E.2d 460, 462 (1990)).
Again, Ms. Moore has failed to forecast any evidence to support these elements. She offered no expert testimony that Mr. Rhodes's actions were negligent and caused the tree to fall on and damage her house, nor did she present any testimony or documentation to suggest that Mr. Rhodes was incompetent. To the contrary, Mr. Rhodes's deposition suggests that he had twenty-five years of experience in tree removal, including some training at a community college.
Moreover, although Ms. Moore argues that the tree falling on her house and the resulting damage are itself proof of negligence, we note that this is not case involving the doctrine of res ipsa loquitur. See Bowlin v. Duke Univ., 108 N.C. App. 145, 149, 423S.E.2d 320, 322 (1992) ("[Res ipsa loquitur] is applicable when no proof of the cause of an injury is available, the instrument involved in the injury is in the exclusive control of defendant, and the injury is of a type that would not normally occur in the absence of negligence."). Likewise, Ms. Moore failed to present evidence that Mr. Brown had notice of Mr. Rhodes's alleged incompetence or that this alleged incompetence was the proximate cause of the damage to her house.
In sum, we hold that Ms. Moore's conjecture and conclusory statements as to the negligence of Mr. Brown and Mr. Rhodes are insufficient to withstand a motion for summary judgment. Accordingly, we affirm the trial court's grant of summary judgment.
Affirmed.
Judges CALABRIA and GEER concur.
Report per Rule 30(e).
NOTES
[1] See Bruce-Terminix Co. v. Zurich Ins. Co. 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998) (citation omitted); see also N.C. Gen. Stat. § 1A-1, Rule 56(c) (2007).