***********
The Opinion and Award is hereby AMENDED as follows:
 FINDINGS OF FACT
By adding a new Finding of Fact 50 to read as follows: *Page 2 
 50. Defendant AIG owed a duty to defend its insured, KVS Construction, Inc. CONCLUSIONS OF LAW The Conclusions of Law are amended as follows:
6. AIG has waived all coverage defenses by failing to provide a defense for its insured, KVS Construction, Inc. "Any doubt as to coverage must be resolved in favor of the insured when determining the liability insurer's duty to defend." Waste Mgmt. of theCarolinas, Inc. v. Peerless Ins. Co.,315 N.C. 688, 691, 340 S.E.2d 374, 377 (1986); Bruce-TerminixCo. v. Zurich Ins. Co.,130 N.C. App. 729, 735, 504 S.E.2d 574, 578 (1998).
7. Moreover, by failing to provide a defense for its insured, Defendant AIG owes payment to KVS Construction, Inc. for attorney fees and costs incurred in this litigation. Based on North Carolina case law, the duty to defend is a broad duty. An insurer is excused from its duty to defend only "if the facts are not even arguably covered by the policy." Waste Mgmt. of the Carolinas, Inc.,315 N.C. at 692, 340 S.E.2d at 378. "When an insurer without justification refuses to defend its insured, the insurer is estopped from denying coverage and is obligated to pay the amount of any reasonable settlement made in good faith by the insured of the action brought against him by the injured party." Pulte HomeCorp. v. American Southern Ins. Co.,185 N.C. App. 162, 165, 647 S.E.2d 614, 617 (2007).
8. Defendant-employer provided proper notice to AIG, through Appalachian Underwriters, of work beginning in North Carolina. Defendant-employer also complied with the notice requirement outlined in Section B of Part III of the policy which states, "Tell us at once if you begin work in any state listed in Item 3C of the Information Page." The phrase "at once" is not defined in the policy, is ambiguous and, therefore, must be construed against the drafter. Woods v. Insurance Co., supra. *Page 3 
9. Defendant-employer properly maintained insurance coverage in North Carolina for all relevant periods of time and, as such, no penalty should be assessed.
10. Defendant AIG breached its duty to defend its insured, KVS Construction, Inc. This breach constituted unfounded litigation. N.C. Gen. Stat. § 97-88.1.
 *********** AWARD The Award portion of the Opinion and Award is amended as follows:
6. Defendant AIG breached its duty to defend its insured, KVS Construction, Inc., and now owes attorney fees and costs associated with this litigation.
7. Defendant KVS Construction, Inc. shall be allowed to submit a written itemization of attorney fees and charges incurred as a result of this litigation to the Commission for approval.
8. Defendant Commerce and Industry Insurance Company (formerly AIG) shall pay the costs due the Commission.
 ***********
In all other respects the Opinion and Award filed on July 16, 2009 remains in full force and effect.
 This 22nd day of December, 2009.
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING: *Page 4 
 S/___________________ STACI MEYER COMMISSIONER
 S/___________________ DIANNE C. SELLERS COMMISSIONER